# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Baldomero Louis Verduzco,**<br>Petitioner<br>-vs-<br>**Unknown Matson, et al.,**<br>Respondents | CV-09-1278-PHX-SRB (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 10, 2009 (Doc. 9). On November 12, 2009 Respondents filed their Answer (Doc. 15). Petitioner filed a Reply on December 9, 2009 (Doc. 17).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND & PROCEEDINGS AT TRIAL

During a traffic stop, Petition was observed to have been smoking marijuana while driving, with a loaded gun under the front passenger seat and various drug related items in the car. (Exhibit A, Present. Investig. at 1.) (Exhibits to the Answer, Doc. 15, are referenced herein as "Exhibit ___.")

Petitioner was arrested and eventually indicted on charges of possession of marijuana,

paraphernalia, and dangerous drugs for sale, sale or transportation of marijuana, and two counts of weapons misconduct. (Exhibit B, Indictment.) The prosecution filed allegations that Petitioner had six historical priors. (Exhibit C, Hist. Priors.) The prosecution also filed allegations of aggravating circumstances, including use of a weapon, presence of an accomplice, and commission for pecuniary value. They further alleged that, to the extent not treated as historical priors for enhancement purposes, his prior convictions were aggravating circumstances. (Exhibit D, Aggr. Circum.)

Petitioner eventually entered into a written Plea Agreement. (Pet. Exhibit B). (Exhibits to the Amended Petition, Doc. 9, are referenced herein as "Pet. Exhibit ___.") He agreed to plead guilty to one count of transportation of marijuana for sale and one count of weapons misconduct, each with one prior felony conviction. The agreement provided for concurrent sentences, fines, etc.

On August 11, 2006, the trial court accepted the plea and sentenced Petitioner to concurrent sentences of 12 and 6 years, based upon a finding of the one prior felony conviction. (Exhibit E, Sentence 8/11/06.)

Petitioner did not file a direct appeal. (Amend. Pet., Doc. 9 at 2-3.)

**B.  PROCEEDINGS ON FIRST POST-CONVICTION RELIEF**

On November 15, 2006, Petitioner filed his first Notice of Post-Conviction Relief (Exhibit F). Counsel was appointed, but filed a Notice of Completion of Review (Exhibit G), evidencing an inability to find an issue for review, and seeking time for Petitioner to file a pro per petition.

On May 29, 2007, Petitioner filed a second Notice of Post-Conviction Relief, and a PCR Petition (Exhibit H), arguing that the aggravation of his sentence based upon judge determined prior convictions was a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and related decisions, and a violations of various state laws.

The Petition was summarily denied. (Pet. Exhibit D, M.E. 8/15/07.)

Petitioner then filed a Petition for Review by the Arizona Court of Appeals (Pet.

1  Exhibit E), arguing that the use of his historical prior to enhance his offense and to aggravate
2  his sentence was a violation of due process.
3      The Petition for Review was summarily denied. (Exhibit K, Order 5/9/08.)

### C. PROCEEDINGS ON STATE HABEAS PETITION

On December 10, 2007, Petitioner filed with the state courts a Petition for Writ of Habeas Corpus (Pet. Exhibit A). In a minute order, the court construed the petition as a notice of post-conviction relief, and summarily dismissed it on the basis that it was untimely, and because the claims "either were or should have been raised in his prior [Rule] 32 proceeding. (Exhibit L, Order 12/27/07.)

Petitioner filed a Motion for Rehearing (Exhibit M), arguing the state court improperly construed the filing as a PCR notice. The court summarily denied the motion. (Exhibit N, M.E. 1/28/08.)

Petitioner then filed a Petition for Review (Pet. Exhibit G), arguing that the treatment of his state habeas petition as a PCR petition, and its resulting dismissal was a violation of state law and Petitioner's constitutional rights. That Petition was summarily denied on November 12, 2008. (Amend. Pet. Doc. 9, at physical pages 2-4, Order 11/12/08.)

### D. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) on June 12, 2009. Subsequently, and prior to any answer, Petitioner moved to amend, which was granted, and Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 9) was filed on September 10, 2009. His Amended Petition asserts two grounds for relief: (1) denial of Due Process and Equal Protection as a result of the state court's refusal to order specific performance of the plea agreement provision governing use of his prior convictions; and (2) denial of Due Process and Equal Protection as a result of the state court's treatment of his state habeas petition as a petition for post-conviction relief, in violation of the Arizona Constitution.

**Response** - On November 12, 2009, Respondents filed their Response ("Answer") (Doc. 15).

Respondents reference three grounds for relief in their Response, responding to the single *Blakely* claim in the original petition, which they denominate as "Ground One" and the two grounds in the Amended Petition which they reference as Grounds Two and Three. However, the Court did not order a continued response to the original petition, but simply that they "answer the Amended Petition." (Order 9/10/9, Doc. 8 at 2.) An amended pleading supersedes the original pleading. *Ferdik v. Bonzelet*, 963 F.2d 1258,1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Thus, causes of action alleged in an original petition which are not alleged in an amended petition are waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Consequently, the undersigned does not consider the ground for relief under *Blakely* asserted in the original Petition.

Respondents concede the timeliness of the petition, argue that Ground One (breach of plea agreement) is procedurally defaulted, and that Ground Two (state habeas) is a non-cognizable state law claim.

**Reply** - On December 9, 2009, Petitioner filed a Reply (Doc. 17), arguing that Ground One involves a miscarriage of justice, and that he has tried repeatedly to have it heard by the state courts.

### III. APPLICATION OF LAW TO FACTS
**A.  GROUND ONE:  EXHAUSTION & PROCEDURAL DEFAULT**

Respondents argue that Petitioner's claims in Ground One (Specific Performance of Plea Agreement) are unexhausted, now procedurally defaulted, and thus barred from habeas review.

**1.  Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if

available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c).  When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

### a.  Proper Forum/Proceeding

Ordinarily,  "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32."  *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir. 1994).   Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court.  This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).

### b.  Fair Presentment

To result in exhaustion, claims must not only be presented in the proper forum, but must be "fairly presented."  That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.  28 U.S.C. § 2254;  *Picard v. Connor,* 404 U.S. 270, 276-277 (1971).  A claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

### c.  Application to Petitioner's Ground One

In his Ground One, Petitioner argues that his Due Process and Equal Protection rights

were denied as a result of the state court's refusal to order specific performance of the plea agreement provision governing use of his prior convictions. He asserts that various provisions of the Plea Agreement precluded the use of his prior convictions to impose more than the presumptive term. Petitioner did not fairly present this claim in either of his forays to the Arizona Court of Appeals.

**First PCR Proceeding** - Petitioner's only claim presented to the Arizona Court of Appeals in his Petition for Review (Pet. Exhibit E) in his first PCR proceeding, was that state law and Petitioner's Sixth and Fourteenth Amendment rights were violated when the trial court used the same priors to aggravate Petitioner's sentence, and to enhance the offense. Petitioner made no assertion that his sentence was in breach of the plea agreement, or that the trial court should have ordered specific performance of the plea agreement.

Although a federal habeas petitioner may reformulate somewhat the claims made in state court, *Tamapua v. Shimoda*, 796 F.2d 261, 262 (9th Cir. 1986), *rev'd in part on other grounds by Duncan v. Henry*, 513 U.S. 364 (1995), the substance of the federal claim must have been "fairly presented" in state court. *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*); *Picard v. Connor*, 404 U.S. 270, 278 (1971); *Tamapua,* 796 F.2d at 262. Thus, a petitioner may not broaden the scope of a constitutional claim in the federal courts by asserting additional operative facts that have not yet been fairly presented to the state courts. Expanded claims not presented in the highest state court are not considered in a federal habeas petition. *Brown v. Easter*, 68 F.3d 1209 (9th Cir. 1995); *see also, Pappageorge v. Sumner*, 688 F.2d 1294 (9th Cir. 1982).

The claim Petitioner now presents in his Ground One adds the significant, and game changing allegation that his sentence was a violation of the plea agreement. Thus, his Petition for Review to the Arizona Court of Appeals failed to fairly present his current claim.

**State Habeas Petition** - It is true that Petitioner did assert in his state habeas petition (Pet. Exhibit A) that he was denied due process and equal protection because his sentence

1  violated his plea agreement.[1]  However, Petitioner did not reassert the substance of this claim in his Petition for Review to the Arizona Court of Appeals.  Rather, in his Petition for Review, the only constitutional claims he raised were the assertions that the designation of his state habeas petition as a notice of post-conviction relief resulted in due process and equal protection violations.  (Pet. Exhibit G at 3, 9.)  This was insufficient to fairly present his current claim based on the breach of the Plea Agreement.

Accordingly, the undersigned concludes that Petitioner's claims in his Ground One were never fairly presented to the Arizona Court of Appeals, and thus his state remedies were not properly exhausted.

## 2. Procedural Default

Ordinarily, unexhausted claims are dismissed *without prejudice*.  *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief.  Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11

---

[1] Arguably, the state trial court applied a procedural bar when it found the claims in the state habeas petition were untimely under Ariz. R. Crim. P. 32.4.  It is true that the trial court also found the claims precluded under Ariz. R. Crim. P. 32.2 because the "claims *were* or should have been raised in his prior [Rule] 32 proceeding." (Exhibit L, Order 12/27/07 at 1.)  That alternative terminology would be insufficient to qualify as a clear and express reliance on an independent and adequate state ground.  *See e.g. Valerio v. Crawford,* 306 F.3d 742, 774-75 (9th Cir. 2002) (*en banc*).  Nonetheless, the ambiguity as to the preclusion bar would not defeat the clear reliance on the time bar.  However, such a procedural bar is an affirmative defense, which is waived if not raised.  *Vang v. Nevada*, 329 F.3d 1069 (9th Cir. 2003). While this Court retains jurisdiction to consider the issue *sua sponte*, *id.*, in light of the applicability of traditional procedural default, *see Coleman v. Thompson*, 501 U.S. 722, 729-732 (1991) (contrasting procedural default and procedural bars), and the fact that the last state court decision was not on the basis of Petitioner's claims, but on the propriety of the PCR court's treatment of the petition as one for post-conviction relief, the undersigned does not *sua sponte* reach the issue.

(1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts, and thus they are procedurally defaulted. Respondents generally rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a). (Answer, #15 at 12.)

**<u>Remedies by Direct Appeal</u>** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. The Arizona Rules of Criminal Procedure do not provide for a successive direct appeal. *See generally* Ariz.R.Crim.P. 31. Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal. *See generally Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007) (discussing appellate rights by pleading Arizona defendants). Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims.

**<u>Remedies by Post-Conviction Relief</u>** - Petitioner can no longer seek review by a subsequent PCR Petition. Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3). Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id.* That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes* 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a

personal waiver. 202 Ariz. at 450, 46 P.3d at 1071.[2]

Here, Petitioner's unexhausted claims do not fit within the list of claims identified as requiring a personal waiver. Nor are they of the same character. Therefore, it appears that Petitioner's claims would be precluded by his failure to raise them in an earlier proceeding.

Timeliness Bar - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

Exceptions - Rules 32.2 and 32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). *See* Ariz. R. Crim. P. 32.2(b) (exceptions to preclusion bar); Ariz.R.Crim.P. 32.4(a) (exceptions to timeliness bar). Petitioner has not asserted that any of these exceptions are applicable to his claims. Nor does it appear that such exceptions would apply. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly

---

[2] Some types of claims addressed by the Arizona Courts in resolving the type of waiver required include: ineffective assistance (waived by omission), *Stewart,* 202 Ariz. at 450, 46 P.3d at 1071; right to be present at non-critical stages (waived by omission), *Swoopes*, 216 Ariz. at 403, 166 P.3d at 958; improper withdrawal of plea offer (waived by omission), *State v. Spinosa*, 200 Ariz. 503, 29 P.3d 278 (App. 2001); double jeopardy (waived by omission), *State v. Stokes*, 2007 WL 5596552 (App. 10/16/07); illegal sentence (waived by omission), *State v. Brashier*, 2009 WL 794501 (App. 2009); judge conflict of interest (waived by omission), *State v. Westmiller*, 2008 WL 2651659 (App. 2008).

> discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application.[3] Paragraph (f) has no application where the petitioner filed a timely notice of appeal or had no right to appeal. Paragraph (g) has no application because Petitioner has not asserted a change in the law. Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's procedural claims. *See State v. Swoopes*, 216 Ariz. 390, 404, 166 P.3d 945, 959 (App. 2007) (32.1(h) did not apply where petitioner had " not established that trial error ...amounts to a claim of actual innocence").

Summary - Accordingly, the undersigned must conclude that review through Arizona's direct appeal and post-conviction relief process is no longer possible for Petitioner's unexhausted claims.

**Summary re Procedural Default** - Petitioner failed to properly exhaust his state remedies on the federal claims in Ground One and is now procedurally barred from doing so.

---

[3] Petitioner did argue to the Arizona Court of Appeals that he had, at the time of his state habeas petition just "discovered for the first time"the breach of the plea agreement. (Pet. Exhibit G, Habeas PFR at 5.) Assuming this would qualify as "newly discovered material facts", those facts are now no longer "newly discovered."

Accordingly, these claims are procedurally defaulted, and absent a showing of cause and prejudice or actual innocence, must be dismissed with prejudice.

### 3. Cause and Prejudice

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984). Although both "cause" and "prejudice" must be shown to excuse a procedural default, a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991).

"Cause" is the legitimate excuse for the default. *Thomas*, 945 F.2d at 1123. "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting *Reed*, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990). The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Here, Petitioner does not assert any cause to excuse his failure to exhaust. To be sure, Petitioner argues that he has diligently tried to present his claims. (Reply, #17 at 2.) However, unsuccessful diligence is not sufficient to establish "cause;" the mere failure to properly present the claim is not of itself something external to Petitioner. Moreover, any mistreatment of Petitioner's state habeas petition would not constitute cause, inasmuch as an Arizona habeas petition is not a proper forum to fairly present a routine challenge to a criminal conviction. *See Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (where a

1 claim is cognizable in the Arizona courts on direct appeal or in a Rule 32 post-conviction
2 relief proceeding, presenting it in a state habeas petition is not adequate to exhaust state
3 remedies).

### 4. Miscarriage of Justice

The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence. *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.*, §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.). The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008). Petitioner makes no assertion of his actual innocence, and thus remains subject to the effect of his procedural defaults.

### 5. Summary re Exhaustion and Procedural Default u

Petitioner failed to properly exhaust his state remedies on the claims in Ground One by fairly presenting them to the Arizona Court of Appeals. He would now be procedurally barred from doing so, and has therefore procedurally defaulted on these claims. He fails to show cause and prejudice or actual innocence to avoid the effect of that procedural default. Accordingly, Ground One must be dismissed with prejudice.

### B. GROUND TWO: NON-COGNIZABLE CLAIMS

In his Ground Two, Petitioner argues that his Due Process and Equal Protection rights were denied as a result of the state court's treatment of his state habeas petition as a petition

for post-conviction relief, in violation of the Arizona Constitution. Respondents argue that this is simply a state law claim masquerading as a constitutional claim.

A state prisoner is entitled to habeas relief under 28 U.S.C. § 2254 only if he is held in custody in violation of the Constitution, laws or treaties of the United States. Federal habeas relief is not available for alleged errors in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991). It has long been understood that a state may violate its own law without violating the United States Constitution. *Gryger v. Burke*, 334 U.S. 728, 731 (1948).

> We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.

*Id.* at 731.

Further, violations of state law, without more, do not deprive a petitioner of due process. *Cooks v. Spalding*, 660 F.2d 738, 739 (9th Cir. 1981). To qualify for federal habeas relief, an error of state law must be "sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment." *See Pully v. Harris*, 465 U.S. 37, 41 (1984). To sustain such a due process claim founded on state law error, Petitioner must show that the state court "error" was "so arbitrary and fundamentally unfair that it violated federal due process." *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991) (quoting *Reiger v. Christensen*, 789 F.2d 1425, 1430 (9th Cir.1986)). To receive review of what otherwise amounts to nothing more than an error of state law, a petitioner must argue "not that it is wrong, but that it is so wrong, so surprising, that the error violates principles of due process"; that a state court's decision was "such a gross abuse of discretion" that it was unconstitutional. *Brooks v. Zimmerman*, 712 F.Supp. 496, 498 (W.D.Pa.1989).

To receive equal protection review of a claim attacking the application of state law, a petitioner would have to show that he was somehow treated in a discriminatory fashion. "The fourteenth amendment's equal protection clause ' 'announces a fundamental principle: the State must govern impartially. General rules that apply evenhandedly to all persons within the jurisdiction unquestionably comply with this principle.' ' " *McQueary v. Blodgett*,

1  924 F.2d 829, 834 (9th Cir. 1991) (quoting *Jones v. Helms*, 452 U.S. 412, 423 (1981)).

2  Here, Petitioner does not lay out such an egregious error, nor a discriminatory
3  application. While he argues that Arizona's Rule 32 is not intended to displace the state's
4  habeas corpus procedure, he ignores the clear direction that attacks on a conviction or
5  sentence are subsumed in the post-conviction relief procedures:

> If a defendant applies for a writ of habeas corpus in a trial court having jurisdiction of his or her person raising any claim attacking the validity of his or her conviction or sentence, that court shall under this rule transfer the cause to the court where the defendant was convicted or sentenced and the latter court shall treat it as a petition for relief under this rule and the procedures of this rule shall govern.

Ariz. R. Crim. P. 32.3.  Moreover, the Arizona courts have long ago dispensed with Petitioner's argument that the Arizona constitution's grant of a right to habeas corpus precluded such treatment.

> Rule 32 is not derived from the constitution. Its purpose is to provide a unified procedure for the various avenues for postconviction relief (except appeal). The rule covers situations which permit a collateral attack on a conviction or sentence. However, it does not displace habeas corpus. Rule 32.3. A habeas corpus petition may be transferred to the conviction or sentencing court and treated as a Rule 32 petition. *Ibid*. Therefore, Floyd's argument that the *Goldsmith* rationale applies because of the constitutional right to habeas corpus fails.

*See Floyd v. Superior Court, Pima County,* 134 Ariz. 472, 473-474, 657 P.2d 885, 886-887 (Ariz. App. 1982).   Petitioner points to nothing to suggest that these precedents are not uniformly applied by the Arizona courts.

Thus, and in light of this Court's inability to second guess the state courts' interpretation of their own laws, the undersigned cannot find any error of state law, let alone one which would arise to the level of being egregious or discriminatory.

Accordingly, the undersigned must conclude that Ground Two of Petitioner's Amended Petition is without merit and should be denied.

### IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters

a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be in part on procedural grounds, and in part on the merits.

To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling."

To the extent that Petitioner's claims are rejected on the merits, under the reasoning set forth herein, the constitutional claims are plainly without merit.

Accordingly, to the extent that the Court adopts this Report & Recommendation as

- 15 -

to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Ground One (breach of pleas agreement) of the Petitioner's Amended Petition for Writ of Habeas Corpus, filed September 10, 2009 (Doc. 9) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that balance of the Petitioner's Amended Petition for Writ of Habeas Corpus, filed September 10, 2009 (Doc. 9), including Ground Two (treatment of state habeas petition), be **DENIED**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: November 15, 2010

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\09-1278-009r RR 10 10 01 re HC.wpd

- 16 -